COVINGTON, Judge:
Mrs. Doris P. Graver, plaintiff-appellant, prosecutes this devolutive appeal against Materials Evaluation Laboratory, Inc., de *255 fendant-appellee, after denial by the trial court of wages allegedly due her in regard to services performed for the defendant corporation, whose exception of no cause of action was referred to the merits. We affirm.
The plaintiff was married to the President of defendant corporation (hereinafter referred to as defendant). From its inception, in January of 1972, the defendant, a close knit corporation, operated from the home of the plaintiff and her husband, Dr. Gary Paulson. The business was a small operation owned by Dr. Paulson and the appellant, at that time Mrs. Doris Paulson, and Dr. Ray Ferrell along with his wife, Susan Ferrell, each family owning a fifty per cent (50%) share of the corporation. Later in 1972, the defendant moved part of its operation to Gulf South Research Institute (GSRI) and retained its office at the Paulson’s residence. Thereafter, the office was moved to GSRI.
In the trial court, appellant contended that she was employed by defendant as its secretary and often performed other duties in furtherance of defendant’s operation.
She alleges that she was promised Four Hundred Dollars ($400.00) per month to be paid as soon as the corporation could afford to pay her, dating from the day she was hired as its secretary. The defendant contends that in late 1973, it was decided that appellant would be placed on salary at $400.00 per month beginning January 1, 1974. This suit is to collect $400.00 per month from February, 1972, through January, 1974. The court notes that Graver Exhibit 12 indicates that she was in fact paid in January, 1974. Messrs. Paulson and Ferrell denied that any agreement to pay appellant $400.00 per month was made until late in 1973, to begin January 1, 1974. Further, Dr. Ferrell testified that she was paid a like amount for February, 1974; and in March, 1974, because of increasing domestic friction between appellant and her husband, she was terminated and was given two months pay. Parenthetically, the Paulsons were divorced on April 4, 1974, and executed a community property settlement agreement on May 2, 1974, wherein Mr. Paulson received their stock in the corporation. The trial court, finding no evidence of an agreement as alleged by appellant, dismissed her claim.
The trial judge in his Oral Reasons For Judgment stated:
“We have a community of acquets and gains in this state and the joint effort of the husband and wife go into making up the community.”
The trial judge also stated that:
“This was a family undertaking between two friends hoping to make a business venture work, but unfortunately, one of the marriages went sour, and that’s about it. There is no way I can award the plaintiff what she seeks to recover, this four hundred dollars a month, because I think she has failed to prove her case.”
Appellant contends in this court that the trial court erred in ruling that she failed to carry the burden of proof of establishing by a preponderance of the evidence the existence of an agreement to compensate the appellant for her services. Our Supreme Court has given us a carefully considered opinion in Canter v. Koehring Company, La., 283 So.2d 716, 724 (1973) setting out the principle of appellate review of facts as follows:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evalúa- *256 tions of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
In appellant’s brief, she alludes to the fact that Dr. Paulson and Dr. Ferrell received a substantial sum in December of 1973, and that she could have been paid from that money. Suffice it to say that any monies received by Dr. Paulson were certainly community in nature and enhanced the community. It is difficult to understand why she complains, when she introduced into evidence the community property settlement, evidencing the receipt of her portion of the community wherein the stocks in defendant corporation were accounted for and each party received equal value from the community.
Furthermore, under the provisions of Article 2334 of the Civil Code of Louisiana, any salary earned by the appellant while living with her husband would be community property. Likewise, a claim for payment of such earned salary would be a community asset. It is very significant, we think, that the community property settlement between them, after divorce, fails to mention any such asset. This further strengthens our opinion that there was no agreement for payment of the salary which plaintiff-appellant has made the object of this suit.
On appeal, appellant seeks alternative relief based upon a quasi contract or quantum meruit basis. Our conclusions, above stated, negate such recovery.
For the reasons herein discussed, the ruling of the trial court is affirmed, plaintiff-appellant to pay all costs of this court.
Affirmed.